PEOPLE v WILLIAMS #1

1. SEARCHES    AND    SEIZURES—AUTOMOBILES—WEAPONS—PROBABLE
   CAUSE.

   There was probable cause to believe that the felony of possessing
   an unlicensed pistol in a motor vehicle was being committed
   when a policeman observed defendant, who had just alighted
   from an automobile, with an empty holster on his person; a
   gun found in a subsequent search of the automobile was legally
   seized and is admissible (MCLA 750.227).

2. CRIMINAL    LAW—WITNESSES—INTIMIDATION    OF    WITNESSES—PROSE-
   CUTOR'S REMARKS.

   A prosecutor's remark to a defense witness prior to a trial for
   possessing an unlicensed pistol in a motor vehicle that, if the
   witness testified that the gun had been-in her possession and
   that she had hidden it in the car, she would be prosecuted
   either for carrying a concealed weapon or for perjury, was a
   violation of defendant's constitutional right to call witnesses in
   his own behalf without intimidation (US Const, Am VI; Const
   1963, art 1, § 20).

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—WAIVER.

   Defendant's failure to object at the trial to inflammatory state-
   ments made by the prosecutor during closing argument consti-
   tuted waiver of the right to appellate review of those com-
   ments.

4. CRIMINAL    LAW—AIDING    AND    ABETTING—ELEMENTS—GUILT    OF
   PRINCIPAL.

   In order to sustain a charge against an accessory of aiding and
   abetting, the guilt of the principal must be shown.

## Appeal from Recorder's Court of Detroit, Joseph

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Searches and Seizures § 18.
[2] 21 Am Jur 2d, Criminal Law §§ 345, 346.
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
[4] 21 Am Jur 2d, Criminal Law §§ 127, 128.

A. Gillis, J. Submitted Division 1 January 3, 1973, at Detroit. (Docket No. 13335.) Decided March 27, 1973.

Willie L. Williams was convicted of carrying a pistol in a motor vehicle. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert Reuther,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and ADAMS,* JJ.

ADAMS, J.

### Statement of Facts

At about 1:45 a.m. on June 3, 1971, defendant's car was stopped on Calvert Street in the City of Detroit for disregarding a flashing red signal. Defendant was the driver and Miss Toni Roberson was a passenger. A police officer asked defendant for his driver's license. Williams emerged from the car, reached into his back pocket, and his jacket opened. The officer saw the top portion of an apparently empty gun holster. The policemen handcuffed defendant, searched his automobile, and discovered a handgun under the front seat on the driver's side.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defendant was subsequently arraigned on an information charging him with carrying a pistol in a motor vehicle without a license (MCLA 750.227; MSA 28.424), was convicted by jury, and now appeals as of right.

## Issue I

*Was the gun illegally seized from under the front seat of defendant's vehicle?*

At his preliminary examination, the gun seized from defendant's automobile was introduced into evidence over defense counsel's objection to the legality of the search and seizure. Defendant later unsuccessfully sought to quash the information on similar grounds, and now contends that the examining magistrate based his finding of probable cause upon the allegedly illegally seized handgun.

At the time the policeman observed defendant standing outside of his vehicle with an empty holster, he had probable cause to believe that the felony of possessing an unlicensed pistol in a motor vehicle had been committed or was in the process of being committed. The resulting search and seizure were legal. *Chambers v Maroney,* 399 US 42; 90 S Ct 1975; 26 L Ed 2d 419 (1970). The magistrate did not err in binding defendant over for trial.

## Issue II

*Was it reversible error for the prosecutor to inform a res gestae witness that if she testified that the gun was hers he would prosecute her either for carrying a concealed weapon or for perjury?*

At the beginning of the trial, the prosecutor informed the court that Miss Toni Roberson, a

passenger in defendant's car at the time of his arrest and an endorsed res gestae witness, had advised him that she would testify that the gun found in the vehicle was hers and that she had placed it under the seat herself. The prosecutor also informed the court that he had advised the witness that she had a constitutional right not to testify against herself, and additionally told her that he would prosecute her either for carrying a concealed weapon or for perjury if she testified.

The court appointed an attorney to represent Miss Roberson and advise her of her rights. The witness was called by the prosecution and refused to testify on the ground that she might incriminate herself. At the close of the prosecution's case, defense counsel questioned Miss Roberson, showed her the gun, and asked her if she had had it in her purse at the time prior to defendant's arrest. The witness again refused to testify upon advice of counsel.

In *People v Pena,* 383 Mich 402 (1970), the defendant gave notice of intent to claim an alibi and listed certain alibi witnesses. Six days before the trial, an assistant prosecutor wrote each of these witnesses a letter in which he quoted the text of MCLA 750.422; MSA 28.664, the perjury statute. Justice T. G. KAVANAGH wrote the following about this practice (p 406):

"The Constitutional right of a defendant to call witnesses in his defense mandates that they be called without intimidation. The manner of testifying is often more persuasive than the testimony itself.

"A prosecutor may impeach a witness in court but he may not intimidate him—in or out of court.

"As the trial court recognized, this 'procedure' is indefensible."

In *People v Butler,* 30 Mich App 561 (1971), the

prosecutor advised a witness that he would be under investigation in the case regardless of whether he testified at the trial and further advised him of his right to refuse to testify under the Fifth Amendment. This Court stated (p 565):

"Whether the testimony of witness Baker would have changed the jury verdict is conjectural, but in the interests of justice and a fair trial, all important available evidence must be presented to the jury in their deliberations. Any interference, intimidation, or prevention concerning the right to have a witness heard leads to injustice, and our review of the entire record persuades us that there was uncalled-for intimidation of this witness. A prosecutor's duty is as much to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one. He must see that the defendant has a fair trial and protect the public who are as concerned with protecting the innocent as convicting the guilty."

If Miss Roberson had testified that the gun had been in her possession and that she had placed it under the seat, it is possible that the jury would have found defendant not guilty. The problem in this case, as in *People v Pena, supra,* is how to dispel the intimidation of a witness once it occurs. We leave the solution of this problem to the prosecutor and the trial court upon retrial, with instructions that a record be made setting forth whatever steps are taken to undo the damage.

### Issue III

*Were the prosecutor's comments in his closing argument prejudicial?*

In his closing argument, defense counsel commented upon Toni Roberson's refusal to testify and suggested the possibility that it might have been

she, rather than defendant, who had possession of the gun. It was defense counsel who brought up Miss Roberson's refusal to testify and drew inferences from it. The defense also first advanced the theory that Miss Roberson possessed the gun and placed it under the seat when the police stopped the vehicle. In view of this line of argument, we decline to hold that the prosecutor's rebuttal constituted reversible error. See *People v Thomas,* 17 Mich App 740 (1969); *People v Green,* 34 Mich App 149 (1971). While some of the prosecutor's statements were inflammatory, defendant's failure to object at the trial waived his right to appellate review of these comments. *People v Humphreys,* 24 Mich App 411 (1970); *People v Majette,* 39 Mich App 35 (1972). We assume that such argument will not be repeated.

### Issue IV

*Was there any evidence to support the trial judge's instruction on aiding and abetting?*

Defense counsel made the following remarks in his closing argument:

"The girl who was with Willie stayed in the car when Willie got out. The testimony is Willie got out and talked to the police officers. Willie turned around. The gun is found under the seat. She refuses to testify, to tell what happened in the car, or to even answer the question whether she told this prosecutor yesterday she had the gun in the car. Willie didn't know she had it. She refused to answer that question. Now you have a right to ask yourself why she refused."

The trial judge instructed the jury on the crime of aiding and abetting. MCLA 767.39; MSA 28.979. In order to sustain a charge of aiding and abetting against an accessory, the guilt of the principal

must be shown. *People v DeBolt,* 269 Mich 39, 45 (1934); *People v Miniear,* 8 Mich App 591 (1967); *People v Laine,* 31 Mich App 271 (1971); 22 CJS, Criminal Law, § 105, p 293. The evidence in this case was insufficient to permit the conclusion that Toni Roberson functioned as a principal in the crime with which defendant was charged. The trial court therefore erred in instructing the jury on the theory of aiding and abetting.

Reversed and remanded for a new trial.

All concurred.