PEOPLE v POGUE

1. CRIMINAL LAW—PLEA OF GUILTY—PRELIMINARY EXAMINATION—
    WAIVER.

    A defendant who enters a voluntary plea of guilty while repre-
    sented by counsel waives all nonjurisdictional defects in prior
    stages of the proceedings; thus a defendant was not entitled to
    a preliminary examination where a request for examination
    was denied prior to entry of a plea of guilty which was later set
    aside, and no further request for preliminary examination was
    made at the time defendant entered a second plea of guilty.

2. CRIMINAL LAW—PRELIMINARY EXAMINATION—PLEA OF GUILTY—
    WAIVER.

    Any defect in a defendant's preliminary examination, including
    improper waiver of it, is waived by a plea of guilty which has
    been properly accepted.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 May 8, 1974, at Lansing.
(Docket No. 16697.) Decided June 25, 1974.

Gwendolyn Pogue was convicted, on her plea of
guilty, of manslaughter. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief,
Appellate Division, and *F. Jack Belzer,* Assistant
Prosecuting Attorney, for the people.

*James W. Lang,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 446, 447.
    Defendant's plea to indictment or information as waiver of lack of
    preliminary examination. 116 ALR 550.

Before: BRONSON, P. J., and HOLBROOK and O'HARA,* JJ.

BRONSON, P. J. Defendant's first conviction in this case resulted from a plea of guilty later set aside for failure to comply with *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972). Her second plea, on November 8, 1972, resulted in her conviction for manslaughter, MCLA 750.321; MSA 28.553, and a sentence of 8 to 15 years passed December 14, 1972.

Defendant claims error on the basis of *People v Duncan,* 388 Mich 489; 201 NW2d 629 (1972). *Duncan, supra,* extended the right to a preliminary examination to felony defendants accused by grand jury indictments. See: *People v Barbara,* 390 Mich 377; 214 NW2d 833 (1973). In this case the defendant was indicted on an open charge of murder on December 16, 1970, approximately two years *prior* to *Duncan.* Counsel for defendant moved for a preliminary examination and the motion was denied. On May 18, 1971, defendant entered her first guilty plea. Her new trial to correct the first improper plea was set for September 20, 1972, but it was adjourned to November 8, 1972 (eight days after *Duncan, supra,* was decided on October 31, 1972), at which time the defendant entered her second plea. No further request was made for a preliminary examination after the request prior to the first plea.

We need not decide whether defendant's case comes within the literal language of *Duncan.* It is clear that defendant has waived any right to preliminary examination. It is well established that a defendant who enters a voluntary plea of guilty while represented by counsel waives all nonjuris-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dictional defects in prior stages of the proceedings. *People v Collins,* 380 Mich 131; 156 NW2d 566 (1968). Additionally, any defect in a defendant's preliminary examination, including improper waiver thereof, is waived by a properly accepted plea of guilty. *People v Wilkins,* 25 Mich App 235; 181 NW2d 281 (1970), *reversed on other grounds,* 384 Mich 773 (1970).

The effect of the *Duncan* decision was to give future defendants charged by grand jury indictment the same rights as defendants charged by information, specifically a preliminary examination. However, as we observed above, the right to a preliminary examination can be waived. The defendant has waived any right she might have had if *Duncan* applied by entering her voluntary guilty plea.

Affirmed.

All concurred.