PEOPLE v GOODMAN

1. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—WAIVER—PRIOR DE-
   FECTS—SUPPRESSION OF EVIDENCE.

   A plea of nolo contendere waives the right to challenge any
   nonjurisdictional defects in prior stages of the proceedings,
   including the right to challenge the denial of a motion to
   suppress evidence.

2. SEARCHES AND SEIZURES—CONSTITUTIONAL LAW—PLAIN VIEW.

   Seizure of objects within the plain view of a police officer who is
   in a place where he had a right to be is not proscribed by the
   United States Constitution (US Const, Am IV).

3. SEARCHES AND SEIZURES—POLICE—USE OF FLASHLIGHT.

   Use of a flashlight to pierce the nighttime darkness does not
   transform a police officer's observation into a search where the
   police officer's observation would not have constituted a search
   had it occurred in daylight.

4. SEARCHES AND SEIZURES—MERE EVIDENCE—CONTRABAND.

   The distinction between the seizure of mere evidence and the
   seizure of contraband or the instrumentalities of crime has
   been abolished.

5. SEARCHES AND SEIZURES—AUTOMOBILES—WEAPONS—USE OF FLASH-
   LIGHT—PLAIN VIEW—PROBABLE CAUSE.

   The search of an automobile by shining a flashlight through its
   windows and the seizure of a pistol case and a paper sack, each

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 501, 502.
   Plea of nolo contendere or non vult contendere. 152 ALR 273, s. 89
      ALR2d 540.
[2, 3, 5] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
   Search and seizure: Observation of objects in "plain view"—Su-
      preme Court cases. 26 L Ed 2d 1067.
[3, 5] 68 Am Jur 2d, Searches and Seizures § 25.
[4] 68 Am Jur 2d, Searches and Seizures § 87.
[5] 68 Am Jur 2d, Searches and Seizures §§ 43, 45, 99.
   Validity, under federal Constitution, of warrantless search of auto-
      mobile—Supreme Court cases. 26 L Ed 2d 893.

containing a firearm, was proper where police officers had stopped the defendant for a traffic violation and were lawfully positioned at the time of the search, the pistol case was within plain view, the officers had probable cause to believe the defendant was carrying a concealed weapon before the seizure was made, the initial intrusion by the officers was limited and justifiable, and the discovery of the evidence was inadvertent.

Appeal from Tuscola, Norman A. Baguley, J. Submitted Division 2 December 11, 1974, at Lansing. (Docket No. 19092.) Decided January 29, 1975.

Jack E. Goodman was convicted, on his plea of nolo contendere, of carrying a dangerous weapon in a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George A. Holmes,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, and *William P. Weiner,* Special Assistant Attorney General, of counsel), for the people.

*Henry L. Greenwood,* for defendant.

Before: DANHOF, P. J., and BASHARA and ALLEN, JJ.

PER CURIAM. This appeal questions the admissibility of evidence seized from the defendant's automobile by a police officer incident to a stop for a traffic violation. The defendant entered a plea of nolo contendere to the charged offense of carrying a concealed weapon in a motor vehicle, MCLA 750.227; MSA 28.424, was found guilty by the trial court and sentenced to serve five years probation. From his plea-based conviction, defendant appeals as of right.

The facts are largely undisputed. On February 24, 1973, at 1:30 a.m., the defendant was stopped

by two Tuscola County sheriff's deputies because the defendant's car had an inoperative headlight.

After the defendant had pulled over, he exited his car. One of the deputies then conducted a visual inspection of the interior of the automobile by shining a flashlight through its windows. During this inspection, the officer observed an unzipped black leather pistol case or gun holster sticking out from under the driver's seat next to the floor console. When the officer reached inside the car to retrieve the holster, he found a paper sack containing a handgun. The gun case, too, contained a small firearm.

The defendant sought to suppress the evidence, arguing that the discovery, seizure and subsequent admission into evidence of the revolvers violated his right to be free from "unreasonable searches and seizures". US Const, Am IV; Const 1963, art 1, § 11. The trial court upheld their admission solely on the ground that the police officer was lawfully positioned at the time of the visual inspection and therefore his seizure of the evidence was lawful under the plain-view doctrine.

Although the issue was neither raised nor briefed on appeal, defendant's plea of nolo contendere waived the right to challenge on appeal the denial of the motion to suppress. MCLA 767.37; MSA 28.977, states that where a plea of nolo contendere is accepted "the court shall proceed as if he (defendant) had pleaded guilty". A guilty plea waives any non-jurisdictional defects in prior stages of the proceedings. *People v Pogue,* 54 Mich App 74, 75–76; 220 NW2d 317 (1974). It also waives the right of an appeal from an order denying a motion to suppress the evidence. *People v Wickham,* 41 Mich App 358, 360; 200 NW2d 339 (1972). We therefore affirm the trial court's appli-

cation of the plain-view rule and denial of the motion to suppress.

Without intending to establish precedent and solely because substantive issues were raised on appeal, we proceed to dispose of the issues submitted as briefed. The seizure of objects within the plain view of an officer, in a place where he had a right to be, is not proscribed by the Fourth Amendment. *People v Whalen,* 390 Mich 672; 213 NW2d 116 (1973). In the instant case, the officers clearly had a right to be near the defendant's automobile, having lawfully stopped the defendant for a traffic violation. *People v Kuntze,* 371 Mich 419, 424; 124 NW2d 269 (1963).

The use of a flashlight does not automatically transform a daytime plain-view observation into a nocturnal Fourth Amendment search. *People v Whalen, supra,* 390 Mich 672, 679. *Marshall v United States,* 422 F2d 185, 189 (CA 5, 1970), said:

" * * * When the circumstances of a particular case are such that the police officer's observation would not have constituted a search had it occurred in daylight, then the fact that the officer used a flashlight to pierce the nighttime darkness does not transform his observation into a search."

*Warden, Maryland Penitentiary v Hayden,* 387 US 294, 300–302; 87 S Ct 1642, 1646–1647; 18 L Ed 2d 782, 788–789 (1967), abolished the distinction between "mere evidence" and contraband or the instrumentalities of crime, and said that such evidence was properly seized and admitted into evidence. *People v Major,* 34 Mich App 405, 411–412; 191 NW2d 494 (1971), upheld the "plain view" seizure of a paper sack containing some clothes and a gym bag containing money, some stolen checks and a gun. The officer's discovery of the

unzipped gun case, while not contraband itself, provided him with probable cause to believe that defendant had committed the offense to which he subsequently pled nolo contendere. *People v Williams #1,* 45 Mich App 623, 625; 207 NW2d 176 (1973). The rule applies where, as here, the government's initial intrusion was limited and justifiable and discovery of the evidence inadvertent. *People v Harden,* 54 Mich App 353, 359; 220 NW2d 785 (1974).

Affirmed.