## PEOPLE v HILL

Docket No. 77-3094. Submitted June 5, 1978, at Grand Rapids.—
Decided November 6, 1978.

Allen Hill, Jr., was convicted, on his plea of nolo contendere, of
possession of heroin, Calhoun Circuit Court, Stanley Everett, J.
The defendant appeals, alleging that critical evidence received
at his preliminary examination had been seized in violation of
his rights under the Fourth Amendment and that the circuit
judge failed to properly specify reasons for accepting the de-
fendant's plea. *Held:*

1. The defendant is precluded on appeal from challenging the
denial of his motion to suppress evidence because a Fourth
Amendment challenge to evidence which is introduced is a
nonjurisdictional defense that is waived by a plea of nolo
contendere.

2. The trial judge gave an insufficient statement of the
reasons why the defendant's plea of nolo contendere was appro-
priate, therefore, the matter must be remanded for a supple-
mental statement of reasons why the plea was appropriate.

Remanded for further proceedings.

1. Criminal Law—Plea of Nolo Contendere—Waiver—Prior De-
   fects—Suppression of Evidence.

   A plea of nolo contendere waives the right to challenge any
   nonjurisdictional defects in prior stages of the proceedings,
   including the right to challenge the denial of a motion to
   suppress evidence.

2. Criminal Law—Pleas of Guilty—Waiver of Defects.

   Alleged defects that merely impugn the accuracy of a bindover or

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 501.
   Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law §§ 446. 449.
[4, 6] 21 Am Jur 2d, Criminal Law §§ 497-501.
   Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[5] 21 Am Jur 2d, Criminal Law § 499.
   Plea of nolo contendere or non vult contendere, 89 ALR2d 540.

conviction are waived by a defendant's guilty plea; they are inherently subsumed by the plea, which conclusively resolves the issue of the defendant's guilt.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—SUFFICIENCY OF EVIDENCE—FAILURE TO OBJECT—PLEAS OF GUILTY—WAIVER—APPEAL AND ERROR.

A defendant may not, on appeal, challenge the sufficiency of evidence presented at his preliminary examination where he fails to make a timely objection in the trial court and subsequently enters a plea of nolo contendere; the inaction of the defendant causes the purported error to be waived.

4. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—COURT RULES.

A trial court, before accepting a defendant's plea of nolo contendere, is required to state why a plea of nolo contendere is appropriate (GCR 1963, 785.7[3][6][i]).

5. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—SPECIAL CIRCUMSTANCES—PLEAS OF GUILTY.

A plea of nolo contendere is accepted only as a matter of grace, under special circumstances; the basic purpose of the plea is to protect a criminal defendant from unreasonable collateral effects of his pleading guilty.

6. CRIMINAL LAW—PLEA OF NOLO CONTENDERE—APPROPRIATENESS OF PLEA—SPECIAL CIRCUMSTANCES.

A case should be remanded to the trial court for a supplemental statement by the judge of reasons why a defendant's plea of nolo contendere was appropriate where the judge, upon accepting the defendant's plea, had stated no special circumstances making the plea appropriate; if the lower court cannot supply adequate reasons, the plea should be vacated and the defendant ordered to stand trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James Norlander,* Prosecuting Attorney, and *Ronald A. Lebeuf,* Chief Assistant Prosecutor, for the people.

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: Danhof, C.J., and V. J. Brennan and R. H. Campbell,* JJ.

Danhof, C.J. Defendant pled no contest, GCR 1963, 785.7, to a charge of possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a), and was sentenced to from 2-1/2 to 4 years in the state prison. He appeals his conviction on the grounds that critical evidence received at his preliminary examination had been seized in violation of the Fourth Amendment and that the circuit judge, contrary to court rule, failed to properly specify reasons for accepting defendant's plea.

I

At preliminary examination the magistrate received evidence of defendant's heroin possession, which was obtained by officers conducting a warrantless search and seizure incident to defendant's arrest. The magistrate denied defendant's motion to suppress that evidence on Fourth Amendment grounds. Before trial, defendant moved to quash the information against him. In that motion he did not raise his Fourth Amendment defense, but made a general attack on the sufficiency of the evidence. Before the circuit court could rule, however, defendant changed his original plea to nolo contendere.

On these facts, under applicable law and policy, defendant is precluded on appeal from challenging the denial of his motion to suppress. In *People v Goodman,* 58 Mich App 220; 227 NW2d 261 (1975), this Court held that a Fourth Amendment challenge to evidence introduced at trial is a nonjurisdictional defense that is waived on appeal by a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plea of nolo contendere. Defendant argues that the Michigan Supreme Court's decision in *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), compels us to an opposite result. In *Alvin Johnson,* decided after *Goodman,* three Justices agreed to expand the class of rights that survive a guilty plea[1] to include those that would be a "complete defense" to the state's prosecution. Among other examples, the opinion by Justice WILLIAMS cites "those [defenses] relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed". *Alvin Johnson, supra,* at 444; 240 NW2d at 739-740. Defendant plausibly maintains that *Alvin Johnson* preserves his asserted constitutional defense since the suppression of evidence seized incident to his arrest would have eliminated the state's ability to proceed with its charge.

For two reasons, we determine that *Alvin Johnson* does not control the outcome of this case. The precise holding in *Alvin Johnson* is that the defense of double jeopardy is a complete defense to a criminal prosecution and, therefore, is not waived by defendant's guilty plea in a prior proceeding. Justice WILLIAMS defined a "complete defense" as any defense that "undercut[s] the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial". *Id.* (Footnotes omitted.) Because the plea-waiver rule serves important state policies, we interpret this definition narrowly. In light of the vast majority of criminal cases concluded by guilty plea, see *Schwartz,* Note *The Guilty Plea as a Waiver of "Present but Unknowable" Constitutional Rights:*

---

[1] For plea waiver purposes, it is immaterial whether defendant pleads guilty or no contest. *People v Goodman,* 58 Mich App 220, 222; 227 NW2d 261 (1975); *see* MCL 767.37; MSA 28.977.

*The Aftermath of the Brady Trilogy,* 74 Colum L Rev 1435, fn 1 (1974) (hereinafter *Guilty Plea as Waiver),* the scope of the plea-waiver doctrine is an issue of immense practical importance. It should be resolved by reference to the competing state and individual interest involved.

From the state's view, plea waiver serves the important community interests of judicial economy and finality. Accordingly, it has been firmly established in Michigan, see *People v Ginther,* 390 Mich 436, 440, fn 1; 212 NW2d 922, 924, fn 1 (1973), and has been approved by the United States Supreme Court. *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970). On the other hand, state rules that impinge upon individual rights should be carefully drawn so as to actually promote the asserted state interests and not sweep too broadly. Balancing these competing concerns, we conclude the scope of the plea waiver doctrine generally should be consistent with the function of the guilty plea, which is to relieve the state from proving defendant's guilt.

In establishing a more specific test, we are aided by the decisions of the lower Federal courts. In defining exceptions to *Brady,* the Federal courts seem to have established that a "complete defense" is one that "reaches beyond the factual determination of the defendant's conduct". *Guilty Plea as Waiver, supra,* at 1447. They apparently reason that a "defendant asserting such a right does not dispute participation in the proscribed activity but—by reason of a subsequently recognized right—questions the capacity of the government to punish that activity". *Id.* We believe the "complete defense" exception in Michigan should have the same scope. Defects that merely impugn the accuracy of a bindover or conviction are

waived by defendant's guilty plea; they are inherently subsumed by the plea, which conclusively resolves the issue of defendant's guilt.

Theoretically, it still might make sense to distinguish fact-finding defects in the preliminary examination from similar imperfections at trial, since the sufficiency of evidence at preliminary examination determines whether there will be a trial at all.[2] That logical difference is nevertheless without practical significance; in either situation we would be forced to look beyond the defendant's plea and factually evaluate the state's unpresented case.[3]

Therefore, we hold that *Alvin Johnson* supplies the rule for cases in which defendants assert an absolute defense, not including defenses which

---

[2] *See People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729, 739-740; *cf.,* Mullady, Note, *Appellate Review of Constitutional Infirmities Notwithstanding a Plea of Guilty,* 9 Hous L Rev, 305, 314 (1971) (insufficient evidence to bind defendant over is really a "jurisdictional" defect).

[3] Even in this case it is not prima facie evident that the state could not proceed without the evidence defendant sought to suppress. At preliminary examination, the magistrate must determine only that there is probable cause to bind defendant over for trial; that decision cannot be overturned unless it is a clear abuse of discretion. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), §§ 305-307, pp 363–366. Defendant sought to negate a finding of probable cause by excluding physical evidence, consisting of a vial containing heroin residue and other drug related paraphernalia, seized incident to his arrest. He also objected to testimony relating the discovery, seizure and analysis of those items. Apart from that evidence, however, the judge also heard testimony by the arresting officer from which an inference of heroin possession might be drawn. Since the element of criminal heroin possession, including the nature of the substance possessed, may be shown by circumstantial evidence, *cf., People v Boyd,* 65 Mich App 11; 236 NW2d 744 (1975) (sale of heroin), *People v Atkins,* 47 Mich App 558; 209 NW2d 735 (1973) (sale of heroin); *State v Lanigan,* 258 Ind 279; 280 NE2d 809 (1972), we would have to reevaluate all the evidence presented at preliminary examination to determine whether the state had authority to proceed. Although the state would probably have to show more at trial to convict defendant, *see e.g., People v Boyd, supra,* (without introducing physical evidence of heroin, the state must introduce testimony of someone sufficiently experienced with heroin, indicating that the substance sold was contraband), we cannot say that the prosecution, in its present posture is clearly without probable cause.

relate to establishing the fact of criminal conduct.[4] Since defendant's asserted defense relates to the sufficiency of evidence to support a factual finding that he probably committed the offense charged, it does not survive his plea of nolo contendere.

As a second reason for finding *Alvin Johnson* inapplicable to this case, we assume *arguendo* that defendant's asserted right is the *type* that is within the "complete defense" exception, but nevertheless hold that defendant lost his right to assert it by failing to make a timely objection below. In *People v McIntyre,* 74 Mich App 661; 254 NW2d 603 (1977), this Court held that, despite *Alvin Johnson,* a defendant cannot challenge the sufficiency of evidence presented at his preliminary examination after a plea of guilty when he did not press the circuit court to rule on that defense. The panel reasoned that: "Inasmuch as *Johnson* grounded its decision on what the guilty plea itself waives, we do not think it applies where the inaction of the defendant causes the purported error to be waived." *Id.,* at 665; 254 NW2d at 605. In the instant proceedings, defendant moved to quash his information after preliminary examination, but did not allege any constitutional error nor await a ruling by the circuit judge. Following *McIntyre,* we believe defendant's inaction waived his right to challenge evidence received at his preliminary examination. To hold otherwise, as the panel noted in *McIntyre,* would mean that the

[4] In so holding we do not ignore the language in *Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), that any defense that would prevent the trial from taking place is not waived by a guilty plea. We recognize, however, that the language was not necessary to the result in *Alvin Johnson* nor clearly mandated by Justice WILLIAMS's definition of a "complete defense" as any defense that undercuts the state's interest or authority to proceed. Since we believe the rule that would be established by that dicta achieves an improper balance of competing interests, we should not follow it until we are bound to.

magistrate's decision to bind over would have to be reviewed by the trial court in every plea of guilty or by this Court, performing the functions of a circuit court, whenever defendants failed to press the issue below.

## II

Defendant's second ground for appeal implicates GCR 1963, 785.7(3)(b)(i).[5] That provision, which partially replaced GCR 1963, 785.7(3)(d) as of December 7, 1975, requires the court, before accepting a defendant's plea of nolo contendere, to "state why a plea of nolo contendere is appropriate". While there is scarce case law interpreting GCR 1963, 785.7(3)(b), the Michigan Supreme Court seems to interpret it substantially the same as the old rule. See *People v Eugene P Jones,* 399 Mich 873 (1977). Therefore, in determining whether defendant's no contest plea was appropriate in this case, we must evaluate the judge's stated reasons according to the "interests of the defendant and the proper administration of justice". For standards we look to the purposes of the plea as opposed to the public's interest in rejecting it. We keep in mind generally that a nolo contendere plea is accepted only as a matter of grace, under special circumstances. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

The basic purpose of the plea is to protect a defendant from unreasonable collateral effects of his pleading guilty. See Anno: *Plea of Nolo Contendere or non vult contendere,* 89 ALR2d 540, 548-549. Hence, it has been most often used to avoid exacting an admission that could be used

---

[5] Both parties briefed the issue under GCR 1963, 785.7(3)(d). That rule was replaced by GCR 1963, 785.7(3)(b), however, before defendant's plea was taken. *See* text at this note.

against the defendant in other potential litigation. *United States v Jones,* 119 F Supp 288 (SD Cal, 1954), (avoiding admissions is the main, if not only, modern purpose of nolo contendere). Similarly, it has been accepted from defendants who are technically guilty of criminal laws intended to reach only malicious violators or of criminal acts that are civil in nature but subject to criminal penalties. Anno, *supra.* Weighing against the acceptance of a nolo contendere plea are a high degree of moral culpability on the part of a defendant and a potentially adverse effect on law enforcement generally. See Anno, *supra,* at 566-569. Convictions based on a guilty plea, because they carry a greater stigma, are likely to have a stronger deterent effect than convictions based on a plea of no contest. Also, because the plea by its nature excuses the defendant from relating the facts that establish guilt, *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975), improper use of nolo contendere pleas could thwart ongoing criminal investigations. *People v Spann,* 60 Mich App 48, 55; 230 NW2d 302 (1975).

Considering all these factors in the present case, we find an insufficient statement of reasons why defendant's plea was appropriate. As defendant points out, the circuit court's stated reason for accepting the plea—to avoid admissions—was merely a conclusion. After acknowledging his duty to state reasons, the judge engaged in the following dialogue with defendant's attorney:

"MR. DOBBINS: My understanding of the cases, and I may be incorrect, beyond a good reason, if he indicates that he wishes to enter a plea of nolo contendere for the reason that he does not want to enter a guilty plea on the Record or to express his guilt on the Record.

"THE COURT: He simply doesn't want to make

admissions that might be used against him. Is that the type of thing?

"MR. DOBBINS: That's correct.

"THE COURT: All right, I'll accept that."

Such a cursory nonexamination of defendant's proffered justification does not establish the appropriateness of the plea. Although the court may not interrogate the defendant about his participation in the crime after it finds that a no contest plea is appropriate, *People v Chilton, supra,* the court ordinarily should determine from the defendant whether his reasons for offering that special plea are valid. Such a collateral line of questioning will not subvert the purposes of the nolo contendere plea.

Considering the possible collateral effects of an admission in this case, defendant rightly points out that his crime was victimless, and therefore could not subject him to civil liability. The state argues, nevertheless, as a matter of law any admission by defendant in this case could be used to show motive, intent, or other relevant states of mind in any subsequent prosecution against defendant for an unrelated crime. MRE 404(b). This admittedly collateral effect is too contingent and remote to justify a no contest plea. The record does not show that defendant is presently subject to any other criminal charges. Any future prosecutions for crimes arising out of the transactions that underly the charge in this case would raise serious double jeopardy problems. See *People v White,* 390 Mich 245; 212 NW2d 222 (1973). Thus, the asserted effect is conditioned upon the chance that defendant will commit some other crime in the future that involves a mental element within the scope of MRE 404(b). This is far from the situation where the same acts that give rise to

criminal liability could also give rise to civil liability.

The state also contends that incriminating statements in a guilty plea may be used "in pre-sentence reports to judges for purposes of sentencing; screening purposes for placement by the Department of Corrections; and consideration by the Parole Board when Defendant-Appellant comes for consideration of parole". These highly probable effects are not collateral; instead they influence the future administration of defendant's present conviction.

In short, none of the circumstances alleged by the state are special, they are the ordinary consequences of any guilty plea. Before we even consider the public's interest in rejecting a nolo contendere plea, we should first satisfy ourselves that special circumstances would make a guilty plea extraordinarily harsh. By finding special circumstances in this case, we would be holding that nolo contendere is prima facie appropriate as a matter of course in any criminal prosecution.[6]

The case must be remanded for a supplemental statement of reasons why the plea was appropriate. If the lower court cannot supply adequate reasons, the plea must be vacated, *People v Belan-*

---

[6] We reject the notion in *People v Maciejewski,* 68 Mich App 1; 241 NW2d 736 (1976), *see also People v Michelle,* 69 Mich App 389; 245 NW2d 59 (1976), that a nolo contendere plea is appropriate whenever a defendant is inclined to be noncummunicative about the facts establishing his guilt. We believe the appropriateness of a nolo contendere plea is qualitatively independent from its factual basis. Although there was a good deal of confusion about this point under the old court rule, *see People v Gonzales,* 70 Mich App 319; 245 NW2d 734 (1976), the new rule clearly distinguishes these two elements. Thus, a defendant is privileged to remain silent about his guilt or the facts establishing his guilt whenever he affirmatively states an adequate justification that outweighs any public interest in rejecting the plea. Once he does, the court may not interrogate him to establish a factual basis, since that would backhandedly convert his nolo contendere plea into a guilty plea.

*ger,* 73 Mich App 438; 252 NW2d 472 (1977), and defendant ordered to stand trial.[7]

Remanded for further proceedings. We do not retain jurisdiction.

---

[7] While we find this disposition mandated by court rule and case law, we are troubled by it. As we explained, the purpose of the nolo contendere plea is to protect defendants from unreasonable collateral effects of pleading guilty. It is anomolous on appeal for defendant to argue he should not have been so protected, that the court in essence gave him more than he deserved in detriment to the people's interest in rejecting the plea. Yet, the court rule clearly requires the trial judge to make a record of appropriate reasons, and unless we are willing to accept nolo contendere pleas as a matter of course in criminal cases, we are constrained to find error in this case. At first blush, the error seems harmless and in this respect we note the Supreme Court's language in *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), that "[w]hether a particular departure from Rule 785.7 justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance." *Id.,* at 113. If the error in this case is harmless, however, all errors by the trial court under GCR 1963, 785.7(3)(b)(i) would seem to be harmless. Practically, such a holding would write that subsection out of the court rule.

Thus, we are obliged to remand for a supplemental statement of reasons, which under the circumstances is not likely forthcoming. *See* part II of this opinion, *supra.* The result on remand may very well be a vacation of defendant's otherwise just and valid conviction in order to vindicate the "people's interests". To avoid such anomolies in the future we urge prosecutors to refrain from bargaining for nolo contendere pleas that are inappropriate.