PEOPLE v RILEY

Docket No. 77-1447. Submitted November 22, 1978, at Detroit.—Decided February 27, 1979.

Cleveland Riley pled nolo contendere to a charge of attempted delivery of a controlled substance, Recorder's Court of Detroit, Samuel Gardner, J. The defendant appeals. The sole question on appeal is whether the defendant's nolo plea acted as a waiver of his right to challenge the legality of a search and seizure which produced evidence against the defendant. *Held:*

1. For purpose of the plea-waiver doctrine it is immaterial whether a defendant pleads guilty or nolo contendere. Therefore, the effects of the defendant's plea must be governed according to the standards governing guilty pleas.

2. A guilty plea waives all defects that go to whether the government can actually prove its case. When this test is applied to the present case, it is clear that the defendant's nolo plea precludes him from challenging the validity of the search and seizure.

Affirmed.

D. C. RILEY, P.J., concurred in part and dissented in part. She would agree with the result reached by the majority because of the defendant's abandonment of his previous motion to suppress. However, she disagrees with the majority's application of the plea-waiver doctrine to situations involving Fourth Amendment claims of illegally seized evidence. She would hold that the nolo plea in the present case would not waive the defendant's right to challenge the legality of the search and seizure if the issue had not been abandoned.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 497, 498.
  Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[2] 21 Am Jur 2d, Criminal Law § 495.
[3] 21 Am Jur 2d, Criminal Law §§ 495, 501.
  Plea of nolo contendere or non vult contendere. 89 ALR2d 540.
[4] 4 Am Jur 2d, Appeal and Error §§ 235, 270.
[5] 4 Am Jur 2d, Appeal and Error § 271.
  21 Am Jur 2d, Criminal Law § 495.

OPINION OF THE COURT

1. CRIMINAL LAW — PLEAS OF GUILTY — NOLO CONTENDERE — PLEA-WAIVER DOCTRINE.

It is immaterial, for purposes of the plea-waiver doctrine, whether a defendant pleads guilty or nolo contendere.

2. CRIMINAL LAW — PLEAS OF GUILTY — DEFECTS — WAIVER OF DEFECTS.

A guilty plea waives all defects that go to whether the government can actually prove its case, but does not waive those defects which would preclude the government from convicting a defendant even if it could prove its case.

3. CRIMINAL LAW — NOLO CONTENDERE — SEARCHES AND SEIZURES — PLEA-WAIVER DOCTRINE.

A defendant's plea of nolo contendere precludes the defendant from challenging the validity of evidence seized during an allegedly improper search and seizure because by challenging the legality of the seized evidence, defendant is attacking the government's ability to prove its case, and such defects are waived by a guilty plea or a plea of nolo contendere.

4. APPEAL AND ERROR — CRIMINAL LAW — PRESERVING ISSUE — ABANDONMENT OF ISSUE.

There is no justifiable reason for allowing a defendant to raise on appeal an issue that he was aware of but voluntarily abandoned in the lower court.

PARTIAL CONCURRENCE, PARTIAL DISSENT BY D. C. RILEY, P.J.

5. CRIMINAL LAW — PLEAS OF GUILTY — NOLO CONTENDERE — PLEA-WAIVER DOCTRINE — SEARCHES AND SEIZURES.

*A defendant's plea of guilty or plea of nolo contendere should not constitute a waiver of his right to challenge the legality of an allegedly improper search and seizure; the plea-waiver doctrine is inapplicable to situations involving Fourth Amendment claims of illegally seized evidence.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Gerald R. Goulet,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Defendant pled nolo contendere to the crime of attempted delivery of a controlled substance contrary to MCL 335.341; MSA 18.1070(41) and MCL 750.92; MSA 28.287. He was sentenced to a term of two to five years in prison and now appeals as of right.

The sole question on appeal is whether defendant's nolo plea acted as a waiver of his right to challenge the legality of the search and seizure which produced the evidence against him. We hold that it does.

First, it should be noted that for purposes of the plea-waiver doctrine it is immaterial whether defendant pleads guilty or nolo contendere. See *People v Goodman,* 58 Mich App 220, 222; 227 NW2d 261 (1975). Therefore, the effects of defendant's plea must be governed according to the standards governing guilty pleas.

In recent years, the United States Supreme Court has expanded the traditional test relating to guilty pleas. Traditionally, a defendant could only attack a guilty plea on the ground that it was not voluntarily and intelligently made. *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973), *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970). In *Blackledge v Perry,* 417 US 21 130; 94 S Ct 2098; 40 L Ed 2d 628 (1974), however, the Supreme Court stated that a defendant could also challenge a guilty plea on the ground that the alleged defect "went to the very power of the State to bring the defendant into

---

*Circuit judge, sitting on the Court of Appeals by assignment.

court to answer the charge brought against him". The so-called jurisdictional defect test set forth in *Blackledge* was further explained in *Menna v New York*, 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975). In *Menna* the Court stated that a guilty plea is a reliable admission of factual guilt and removes this issue and all alleged constitutional defects concerning factual guilt from subsequent attack. The plea does not, however, constitute a waiver of those constitutional defects which are irrelevant to defendant's factual guilt of the crime charged. Accord, *Journigan v Duffy*, 552 F2d 283 (CA 9, 1977).

A guilty plea waives all defects that go to whether the government can actually prove its case, but does not waive those defects which would preclude the government from convicting defendant even if it could prove its case (*e.g.*, invalid statute, double jeopardy).

When this test is applied to the present case, it seems clear that defendant's nolo plea precludes him from challenging the validity of the search and seizure.[1] By challenging the legality of the

[1] The concurring opinion would hold that a guilty plea does not waive a defendant's right to challenge his conviction on the basis of illegally seized evidence. This is done by analogizing the present case with the situation where a qualified guilty plea is entered. See *People v Ricky Smith*, 85 Mich App 32, 50; 270 NW2d 697 (1978) (CAVANAGH, P.J., concurring and dissenting). The problem with this analogy is that the present case was an unqualified plea, not a qualified plea. The concurring opinion would eliminate the difference between the two types of pleas, by allowing Fourth Amendment issues to be preserved in every case, thus making every plea a qualified plea. It would seem that if this Court is going to recognize the doctrine of a qualified plea, then there ought to be a distinction between a qualified plea and an unqualified plea, or else this Court has created a distinction without a difference. Since this Court has recognized qualified pleas, the concurring opinion's contention would be much different if defendant had tendered such a plea; since he did not, however, the policy reasons behind allowing qualified pleas are not applicable to the present case, and there is no reason to transform defendant's unqualified plea into a qualified plea. For this reason, as well as the reasons stated in the body of this opinion, defendant's guilty plea waived the alleged defect.

seized evidence, defendant is attacking the government's ability to prove its case. As such, it is the type of error which is waived by the plea. *People v Hill* 86 Mich App 706; 273 NW2d 532 (1978).

We are aware that certain language used by the Michigan Supreme Court in *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976),[2] appears to lead to a different result. However, since this particular language was not necessary to the decision of the case it is merely dicta and is not binding on this Court. Since we are of the opinion that the balance between the competing interests involved in the plea-waiver rule needs to be struck differently, we decline to follow the *Alvin Johnson* dicta. See *Hill, supra.*

Finally, it should be noted that although defendant moved to suppress the evidence in question, he did not follow through on the motion and request an answer on it from the court. Instead, he chose to abandon the motion and plead. This Court has continually stated that the rule announced in *Alvin Johnson* does not apply when defendant raised the alleged error and then through his own inaction waived it. *Hill, supra; People v McIntyre,* 74 Mich App 661; 254 NW2d 603 (1977). We see no justifiable reason for allowing a defendant to raise on appeal an issue that he was aware of but voluntarily abandoned in the lower court.

---

[2] "Certainly it is true that those rights which might provide a complete defense to a criminal prosecution, those which undercut the state's interest in punishing the defendant, or the state's authority or ability to proceed with the trial may never be waived by guilty plea. These rights are similar to the jurisdictional defenses in that their effect is that there should have been no trial at all. The test, although grounded in the constitution, is therefore a practical one. Thus, the defense of double jeopardy, those grounded in the due process clause, those relating to insufficient evidence to bind over at preliminary examination and *failure to suppress illegally-obtained evidence without which the people could not proceed* are other examples." *Alvin Johnson* at 444. (Footnotes omitted; emphasis added.)

Affirmed.

D. C. Riley, P.J. *(concurring in part and dissenting in part).* I concur in the result reached because of defendant's abandonment of his previous motion to suppress. However, I write separately to express my disagreement with the majority's application of the plea-waiver doctrine to situations involving 4th Amendment claims of illegally seized evidence, and its statement that "a guilty plea waives all defects that go to whether the government can actually prove its case". I would hold, consistent with the "complete defense" rationale of *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), that defendant's nolo plea in the present case did not waive his right to challenge the legality of the search and seizure. I am not persuaded that a proper balance between the competing interests of the state and individual should necessarily entail the need of a roulette-type determination by defendant regarding the preservation of his claim for appeal. As in the instant case, where the state can readily establish its proofs through the admission of constitutionally defective evidence, the majority's holding, in effect, forces defendant to pursue an expensive and futile course of litigation solely to preserve for our review an issue based upon denial of his pretrial motion to suppress. The trial itself resolves no genuinely contested disputes, but only results in a wasted procedure, with the real question to be decided upon the subsequent appeal. See *People v Ricky Smith,* 85 Mich App 32, 50; 270 NW2d 697 (1978) (Cavanagh, P.J., concurring in part and dissenting in part). In my opinion, a rule which compels the defendant to go to trial where he might otherwise have pled guilty subject to limited review of only the constitutional issue (as all other issues

are waived) results in judicial inefficiency and unfairly burdens defendant's ability to challenge the power of the state to prove its case against him.

A contrary result, of course, would produce a judicial trade-off in workload, with the additional appellate work balanced against the decrease of improvident proceedings at the trial level. However, I find an approach which concerns itself with substantive issues as opposed to the useless process of an additional trial a more preferable alternative.

In conclusion I would note that the policy questions at issue here are similar to those involving the use of qualified quilty pleas where the bargain struck between defendant and prosecutor expressly reserves defendant's right to appeal the constitutional claim. The use of these pleas has recently been sanctioned in Michigan, *People v Ricky Smith, supra,* and also recommended by the American Bar Association, ABA Project on Standards for Criminal Justice, Standards Relating to Criminal Appeals, § 1.3(a)(iii), Comment c, (Approved Draft, 1970).