## PEOPLE v REID

Docket No. 51387. Submitted June 9, 1981, at Lansing.—Decided February 17, 1982.

Allen R. Reid was convicted, on his plea of guilty, of one count of kidnapping, two counts of armed robbery and two counts of first-degree criminal sexual conduct in the Oakland Circuit Court, George H. LaPlata, J. Prior to his plea, defendant moved to quash a warrant pursuant to which he was seized for purposes of a lineup. The motion was denied and defendant proffered his plea pursuant to the agreement with the court that he reserved his right to appeal the search warrant issue. Defendant appealed. *Held:*

Qualified guilty pleas should be held to be invalid in the absence of a court rule or statute authorizing them.

Reversed and remanded.

M. F. CAVANAGH, J., dissented. He would hold qualified guilty pleas to be valid. He would affirm on the search warrant issue.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.
    Qualified guilty pleas should be held to be invalid in the absence of a court rule or statute authorizing them.

### DISSENT BY M. F. CAVANAGH, J.

2. CRIMINAL LAW — GUILTY PLEAS — QUALIFIED PLEAS.
    *A qualified guilty plea is valid.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *James L. McCarthy,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 82.
[1, 2] 21 Am Jur 2d, Criminal Law § 487.

*Vincent D. Giovanni,* for defendant on appeal.

Before: DANHOF, C. J., and M. F. CAVANAGH and
D. R. FREEMAN,* JJ.

DANHOF, C. J. Defendant Allen Reid was con-
victed, upon his plea of guilty, of one count of
kidnapping, MCL 750.349; MSA 28.581, two counts
of armed robbery, MCL 750.529; MSA 28.797, and
two counts of first-degree criminal sexual conduct,
MCL 750.520b; MSA 28.788(2). Defendant appeals
as of right.

Defendant's conviction arises from an incident
in which four high-school-aged girls were abducted
from a parking lot. At gunpoint, the victims were
robbed and forced to perform various sexual acts
on their three abductors.

Because of his age, charges were originally
brought against defendant in probate court; how-
ever, that court subsequently waived jurisdiction.
A preliminary examination was held in district
court. At the conclusion of the preliminary exami-
nation defendant was bound over on 14 different
counts, including 4 counts of kidnapping, 3 counts
of armed robbery, 1 count of assault with intent to
rob while armed, 4 counts of first-degree criminal
sexual conduct, 1 count of second-degree criminal
sexual conduct, and 1 count of larceny from a
motor vehicle.

Prior to trial defendant moved to quash a search
warrant, pursuant to which he was seized for
purposes of a lineup. Defendant alleged that the
affidavit supporting the search warrant was based
upon false information in that the informant re-
ferred to in the affidavit never gave any informa-
tion to the police. Pursuant to *Franks v Delaware,*

* Circuit judge, sitting on the Court of Appeals by assignment.

438 US 154; 98 S Ct 2674; 57 L Ed 2d 667 (1978), a hearing was held on defendant's motion. At the conclusion of the hearing the trial court rejected defendant's Fourth Amendment claims and held the search warrant valid. Defendant subsequently entered a qualified (or conditional) plea of guilty to one count of kidnapping, two counts of armed robbery and two counts of first-degree criminal sexual conduct. In return for defendant's guilty plea, all remaining counts against him were dismissed and the prosecutor and the trial court agreed that defendant reserved the right to appeal the search warrant issue.

On appeal, defendant raises two issues concerning whether the trial court erred in not quashing the search warrant and suppressing the subsequent lineup and identification as the fruit of an illegal search and seizure. However, before we may address the merits of the issues raised by defendant, we must consider a more basic, threshold question: whether a qualified (or conditional) guilty plea—such as the one entered by defendant whereby he pled guilty but reserved the right to appeal the Fourth Amendment issue—violates public or judicial policy.

I

As a general rule an *unqualified* guilty plea waives all nonjurisdictional defects in the proceedings. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). See also *Tollett v Henderson,* 411 US 258, 267; 93 S Ct 1602; 36 L Ed 2d 235 (1973), *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970), *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Parker v North Carolina,* 397 US 790; 90 S Ct

1458; 25 L Ed 2d 785 (1970). However, even an unqualified guilty plea does not waive jurisdictional defects which preclude a defendant from being convicted even if the government could, in fact, prove its case. See *Menna v New York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195 (1975), and *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974). Thus, an unqualified guilty plea does not waive a defendant's right to challenge such jurisdictional defects as the constitutionality of the statute under which he has been charged nor does it foreclose defendant from raising a double jeopardy defense.[1] *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

In the instant case, defendant is challenging the validity of a search warrant and the evidence that flowed from it. His Fourth Amendment, search and seizure, claim represents a nonjurisdictional defect which would be waived by an unqualified guilty plea. See *People v Riley,* 88 Mich App 727; 279 NW2d 303 (1979), *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978), and *People v White,* 411 Mich 366, 397, fn 4; 308 NW2d 128 (1981) (Justice MOODY, *concurring in part and dissenting in part).* But, see *Alvin Johnson, supra,* 444 (dicta) and *Riley, supra,* 732 (Judge RILEY, *dissenting in part).* Defendant is merely attacking the government's ability to prove its case. He is not raising a defect which would preclude the government from convicting him even if it could prove its case. Thus, we conclude that, had defendant made an unqualified guilty plea, the issues before us would be waived.

---

[1] In *People v White,* 411 Mich 366, 387; 308 NW2d 128 (1981), the Court held that a claim of entrapment "is like a jurisdictional defect which is not waived by a plea of guilty".

## II

The next issue we address is whether the qualified guilty-plea agreement involved herein is valid and enforceable and preserves, for appeal, issues which would have been waived had an unqualified plea been entered.

The validity of the qualified plea procedure was addressed in *People v Ricky Smith,* 85 Mich App 32; 270 NW2d 697 (1978). In his concurring and dissenting opinion, Judge CAVANAGH, joined by Judge KELLY, reached the conclusion that qualified pleas should be enforced. In doing so, Judge CAVANAGH rejected arguments put forth by Judge BRONSON, who would decline to enforce qualified pleas.

Our review of the opinions in *Ricky Smith,* and those of other jurisdictions addressing the validity of qualified pleas, lead us to conclude that qualified pleas are not valid and enforceable.[2] We reach this conclusion for the following reasons.

First, we are in accord with *United States v Cox,* 464 F2d 937 (CA 6, 1972), where the Court stated:

"The procedure employed in the case at bar is at variance with the general, well-settled rule that a guilty plea 'normally rests on the defendant's own admission in open court that he has committed the acts with which he is charged'. * * * When made by the accused, knowingly, willingly and with the benefit of competent counsel, a plea of guilty waives all nonjurisdictional defects.

---

[2] There are currently splits among the federal jurisdictions and state jurisdictions which have addressed the validity and enforceability of qualified pleas. For an exhaustive list of cases which have addressed this question, see Comment, *Conditional Guilty Pleas,* 93 Harv L Rev 564, 565-567, fns 10-11 (1980).

* * *

"To the extent this [qualified plea] procedure allows a defendant to plead guilty, contingent on his right to appeal on non-jurisdictional grounds from his own plea, it is not logically consistent and is against the trend of recent case authority. There is a fundamental and basic inconsistency between knowingly and intelligently entering a voluntary plea of guilty, and then appealing from the judgment entered on the basis of that plea." (Footnote omitted.) *Id.,* 940, 942.

The prosecutor and the criminal defendant may not—even with the trial court's acquiescence—contractually suspend this well-established rule that a guilty plea waives all nonjurisdictional defects. In this regard it has been stated that "while a plea bargain permits a defendant to waive that to which he does have a right *(e.g.,* a trial), it does *not* permit him to arrogate that to which he is clearly *not* entitled." (Emphasis in original.) *United States v Benson,* 579 F2d 508, 511 (CA 9, 1978).

Second, qualified pleas should not be enforced absent an authorizing court rule or statute. Indeed, GCR 1963, 785 provides for three alternative pleas—guilty, not guilty and nolo contendere. By specifically referring to only three types of pleas, GCR 1963, 785 implies that no other plea may be entered.

In the absence of a court rule or statute authorizing them, qualified pleas have the potential of creating numerous appellate problems and endless confusion. *State v Dorr,* 184 NW2d 673, 674 (Iowa, 1971). They could result in the appellate courts being put in the position of having to decide countless procedural and evidentiary questions. *Id.*

Third, qualified pleas are contingent in nature. As such, they undermine the concept of finality so

important to the judicial process and so necessary if punishment is to be effective as a deterrent to crime. As one commentator has noted, qualified pleas make possible "an elaborate procedure of plea, appeal, trial and then reappeal, creating delay before 'final' punishment can be imposed". Comment, *Conditional Guilty Pleas,* 93 Harv L Rev 564, 574 (1980).

Fourth, there is a danger that the government will rely to its detriment on a conditional plea and stop preparation of its case. Comment, *Conditional Guilty Pleas, supra,* 576, fn 54. See also Westen, *Forfeiture by Guilty Plea—a Reply,* 76 Mich L Rev 1308 (1978). Should trial become necessary after the appellate court has addressed the issue preserved by the qualified plea, there is the possibility that the government will not be able to present its case because it detrimentally relied on the qualified plea or because of the passage of time involved in the appellate process.

Fifth, the limited record sometimes developed prior to a guilty plea may make review of a complex constitutional or evidentiary question difficult. *Ricky Smith, supra,* 42 (opinion of Judge BRONSON). Furthermore, a limited record might make it impossible to determine whether, for example, use of evidence which should have been suppressed would have been harmless in the context of a full trial. *Id.*

For the foregoing reasons, we refuse to enforce qualified pleas. However, this does not mean that a defendant is without recourse should a trial court deny a pre-trial motion such as the one involved in the instant case. If a defendant's pre-trial motion is improperly overruled, he may request an emergency interlocutory appeal. Alternatively, he may go to trial and thereby preserve the issue for appellate review should he be convicted.

Because the qualified plea involved in the instant case is not valid and enforceable, we set defendant's plea aside and remand for taking of an unqualified plea, or for trial, in the parties' options.

D. R. FREEMAN, J., concurred.

M. F. CAVANAGH, J. *(dissenting)*. I dissent from my brother DANHOF's opinion for the reason that I believe that the qualified guilty plea is a valid and enforceable plea. See my concurrence in *People v Ricky Smith,* 85 Mich App 32, 48; 270 NW2d 697 (1978).

It is true that a guilty plea waives all nonjurisdictional defects in proceedings. *People v Alvin Johnson,* 396 Mich 424, 438-444; 240 NW2d 729 (1976). However, this fact is inapposite to situations wherein a particular defect is specifically preserved for review. The majority's analysis does not withstand scrutiny and I will address the points raised therein *seriatim.*

A qualified plea does not cause the courts to consider claims to which a defendant "was not entitled". It merely allows a defendant to say, "Yes, I did the act, but I contest the state's ability to present its case against me". There may be a number of reasons why a defendant would feel he had a legitimate legal defense to the state's prosecution but that it would be futile or impossible for the defendant to say that he did not do the act with which he was charged.

GCR 1963, 785 does indeed provide for three alternative pleas—guilty, not guilty, and nolo contendere. A qualified guilty plea is a guilty plea but it is one which has been entered pursuant to agreement of the parties that certain basic ques-

tions which may be dispositive of the case are not waived by the plea. The plea aids the trial court in expedition of the matter through the judicial process to the appellate level without requiring a long and potentially meaningless trial and aids the appellate court by narrowing the issues which are put before it to those which are dispositive of the case.

Qualified guilty pleas are not so contingent in nature as their opponents would have us believe. Qualified pleas may lead to a procedure entailing plea, appeal, trial and reappeal but this sequence stands in opposition to and is certainly less burdensome than that which is required when a defendant with a meritorious defense to his charge is forced to proceed through trial even though he is willing to plead guilty, namely, trial, appeal, retrial and reappeal.

As to the fourth point raised in the majority's opinion, the preservation of the state's case against a defendant should not be a point of paramount importance to this Court. The same possibility of loss of the ability to present its case (witnesses, evidence, etc.) holds true for the defendant as well as the state and so the possible adverse effect of the passage of time weighs against each side as heavily as the other.

Finally, I would answer the majority's concern that qualified pleas prevent this Court from finding a particular error harmless by reiterating my view as expressed in *People v Ricky Smith, supra,* 49:

"When this Court makes a finding of harmless error in the admission of evidence at trial it second-guesses the trier of fact to determine how the trier would have decided the case without the admission of the challenged evidence. In a qualified plea situation, if the

lower court's ruling on the suppression motion is found
to be error and the case remanded for further proceed-
ings, it will ultimately be the trier of fact itself who
determines whether the prosecution's case, without the
suppressed evidence, proves defendant's guilt beyond a
reasonable doubt. I find it preferable that this decision
be made by the trier of fact, who sees the witnesses
first-hand, rather than by an appellate court, which
sees only the record and exhibits. I also think it more
consistent with the right to trial by jury that the
factfinder make the ultimate finding on the weight of
the properly admitted evidence. I therefore see no
disadvantage in eliminating the appellate court's power
to find harmless error here."

For these reasons, I would hold that the plea
tendered herein was valid and enforceable. As my
review of the record and briefs discloses no revers-
ible error, I would affirm the convictions.