PEOPLE v FERRIGAN

Docket No. 46334. Submitted October 20, 1980, at Detroit.—Decided January 23, 1981.

Richard P. Ferrigan was convicted, on his plea of guilty, of larceny from a person, Crawford Circuit Court, William A. Porter, J. Defendant appeals, alleging that the trial court erred in denying defendant's motions to suppress evidence and a confession, that he was denied effective assistance of counsel because his counsel had advised him that he could litigate the search and seizure issue on appeal from a guilty plea, and that an arrest warrant issued by a magistrate who is not an attorney is void, thereby depriving the circuit court of jurisdiction. *Held:*

1. The defendant's guilty plea constituted a waiver of the issues of the validity of the search and seizure and of the defendant's confession.

2. At the time defense counsel advised the defendant case law indicated that the issues of the search and seizure and the confession would be allowed to be presented on appeal after a guilty plea. Therefore, there was not ineffective assistance of counsel. Also, the record does not reveal that the right to appeal these issues was an important factor in inducing the defendant to plead guilty.

3. Magistrates are not required to be licensed to practice law. They serve at the pleasure of the district court judges, and have limited jurisdiction. The issuance of the arrest warrant by the magistrate was not improper. Further, the circuit court is not divested of jurisdiction by proof of an invalid arrest warrant once jurisdiction over a defendant is obtained.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 21 Am Jur 2d, Criminal Law §§ 315, 321.
[3] 46 Am Jur 2d, Judges § 2.
[4] 5 Am Jur 2d, Arrest § 116.
  21 Am Jur 2d, Criminal Law § 380.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER OF CLAIMS — SEARCHES AND SEIZURES.

Claims which attack the government's ability to prove its case are waived by a plea of guilty; a claim of improper search and seizure is such a claim.

2. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — ATTORNEY AND CLIENT.

A defendant was not denied effective assistance of counsel by virtue of his counsel's having advised him that he could appeal on the issues of the propriety of a search and seizure and of a confession after pleading guilty where, at the time, case precedent allowed such an appeal.

3. CONSTITUTIONAL LAW — MAGISTRATES — JUDGES — STATUTES.

Magistrates, while performing limited judicial functions, serve at the pleasure of the district court judges, and the performance of their statutory duties is not contrary to the Michigan Constitution (Const 1963, art 6, § 19; MCL 600.8507; MSA 27A.8507).

4. CRIMINAL LAW — ARREST — JURISDICTION — INVALID WARRANT.

Proof of an invalid arrest warrant does not divest a court of jurisdiction over a defendant once that jurisdiction has been obtained.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas E. Kent,* Prosecuting Attorney (by *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Richard B. Ginsberg,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

PER CURIAM. On December 4, 1978, defendant was convicted on his plea of guilty of larceny from a person, MCL 750.357; MSA 28.589. On April 9,

* Circuit judge, sitting on the Court of Appeals by assignment.

1979, he was sentenced to 3-1/2 to 10 years imprisonment. He appeals as of right.

The facts in this case are undisputed. The charge arose out of the robbery of a Best gas station in Grayling. Two days before the robbery, acting on a complaint, sheriff's deputies investigated a Ford pickup truck with a camper which was parked and running in a lot within 100 to 150 yards of the Best gas station. Defendant and two others were in the cab of the truck along with a disassembled shotgun.

Two days later, on December 28, 1977, the Best gas station was robbed at gunpoint. The attendant believed that a 12-gauge shotgun was used. There were two robbers wearing ski masks, one was 5'7", the other 5'10". One wore a blue coat, the other a red coat. The attendant could not identify defendant as being one of the robbers.

As the attendant phoned the police from another gas station down the street, he saw a snowmobile with one rider drive off from behind the A & P store next to the Best gas station.

A deputy attempted to block the flight of the snowmobile, but failed. He testified that it appeared to be a black Arctic Cat.

The officer proceeded to a subdivision in the direction the snowmobile fled and found a white Yamaha snowmobile parked in the subdivision, with its motor running. After pealing off tape which covered its registration number, he discovered that it had been stolen. The officer observed tire tracks in the snow within ten yards of the snowmobile which were of the same basic type left by defendant's pickup truck.

The sheriff attempted to follow the tracks, but they became impossible to follow. The sheriff drove to codefendant's father's house where he observed

defendant's pickup truck parked on private property. Footprints in the snow indicated that two people had exited from the cab and entered the back of the truck. The sheriff found that the engine of the truck was still warm. He was satisfied that the fresh tire tracks matched those left near the abandoned snowmobile.

One officer went to get a search warrant while the others watched the camper. He returned with a warrant in three hours. They towed the truck to the police station, removed the rear door of the camper, and found defendant and codefendant apparently highly intoxicated. They also found a single barrel shotgun broken into three pieces, a paper bag containing coins, two pairs of snowmobile boots, a pair of hiking boots, a blue down-filled jacket, and two ski masks. Currency totaling $483.92 was found inside one of the boots.

Defendant was taken to a hospital to determine his physical condition and then returned to the jail. He was given a breathalyzer test. He was then advised of his *Miranda*[1] rights and confessed.

The search warrant was later held void by Crawford County Circuit Court Judge William A. Porter. However, Judge Porter denied defendant's motions to suppress the seized evidence and defendant's confession because he found a warrantless search appropriate based on probable cause and exigent circumstances. He also found that defendant's confession was voluntary.

Defendant sought an interlocutory appeal from these decisions but withdrew the appeal and pled guilty to a reduced charge on December 4, 1978.

On this appeal, defendant argues that the trial court erred in failing to grant his motions to

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

suppress the seized evidence and his confession. As a prerequisite to that issue, he claims that his plea of guilty does not constitute a waiver of the issue, citing *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976).

We decline to follow the dicta in *Alvin Johnson* relied upon by defendant. This Court in *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978), and *People v Riley,* 88 Mich App 727; 279 NW2d 303 (1979), held that search and seizure is a claim which is waived by a plea of guilty because it is the sort of challenge which attacks the government's ability to prove its case. We conclude that the defendant fully waived his challenges to the search, his confession, and related objections at the district court level.

Defendant also argues that his plea was not an understanding one because his counsel advised him that he could litigate the search issue on appeal from his guilty plea and that his attorney's advice denied him effective assistance of counsel.

This Court ordered an evidentiary hearing on this issue on April 16, 1980. The hearing was held on May 1, 1980. At the hearing, defendant waived his attorney-client privilege. Trial counsel recalled that he discussed defendant's general right to appeal from the guilty plea and mentioned search and seizure as one of the things which were appealable. Defendant testified that it was his impression that he could appeal the denial of his search and seizure and confession motions.

After reviewing the record, we find defendant's claim insufficient to vitiate his plea of guilty. The record does not support his argument that preservation of the right to appeal the search and seizure and confession decision was an important factor in inducing him to plead guilty. Nor do we

find ineffective assistance of counsel on this record. At the time counsel advised defendant on this point, *Alvin Johnson, supra,* appeared to allow such an appeal even after a plea of guilty.

Finally, defendant argues that the circuit court lacked jurisdiction to accept defendant's plea because the proceedings were initiated by an arrest warrant issued by a nonattorney magistrate. Defendant claims that the Michigan Constitution requires that judges of courts of record be licensed to practice law; that district courts are courts of record; and that magistrates, who are not required to be licensed to practice law, act as judges contrary to the constitution. We disagree.

Defendant's argument, in effect, assumes that magistrates are district court judges. This assumption is in error. While magistrates perform limited judicial functions, they serve at the pleasure of judges of the district court. MCL 600.8507; MSA 27A.8507. Further, they have limited jurisdiction, MCL 600.8511-600.8512; MSA 27A.8511-27A.8512, and a party may seek a *de novo* review of a magistrate's decision as of right. MCL 600.8515; MSA 27A.8515. We conclude that issuance of the arrest warrant by a magistrate did not contravene Const 1963, art 6, § 19. We also note that, once the court obtains jurisdiction over defendant, proof of an invalid arrest warrant does not divest the court of jurisdiction. *People v Hernandez,* 41 Mich App 594, 598; 200 NW2d 447 (1972).

Affirmed.