PEOPLE v JONES

Docket No. 55795. Submitted September 16, 1981, at Lansing.—Decided November 17, 1981.

Harold Jones, Jr., pled guilty to possession of codeine with intent to deliver the substance, Detroit Recorder's Court, Dalton A. Roberson, J. He appeals, alleging defects in his arrest and subsequent search such as should have precluded the district court from binding him over for trial. *Held:*

The defendant's guilty plea waived his objection to the district court's binding him over for trial.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER.

A defendant by pleading guilty waives alleged defects in his arrest and subsequent search where the alleged defects merely impugn the accuracy of his bindover for trial.

2. CRIMINAL LAW — GUILTY PLEAS — WAIVER.

A challenge by a criminal defendant of the propriety of a search and seizure of evidence which attacks the government's ability to prove its case is waived by his guilty plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: DANHOF, C.J., and BRONSON and M. J. KELLY, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 473.

Plea of guilty as waiver of claim of unlawful search and seizure. 20 ALR3d 724.

PER CURIAM. Defendant, Harold Jones, pled guilty to possession with intent to deliver codeine, MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b), and was sentenced to five months in the Detroit House of Correction. On appeal, defendant, citing *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *cert den* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976), claims the district court erred when it bound him over for trial because the police lacked probable cause to arrest and search him.

We decline to follow the dicta in *Johnson* relied upon by defendant. In *People v Hill,* 86 Mich App 706, 710-711; 273 NW2d 532 (1978), this Court stated that defects that merely impugn the accuracy of a bindover or conviction are waived by a defendant's guilty plea. Furthermore, challenges to the seizure of evidence attack the government's ability to prove its case and are waived by defendant's guilty plea. *People v Ferrigan,* 103 Mich App 214, 218; 302 NW2d 855 (1981). Defendant waived his objection to the district court's order binding him over for trial, and his conviction is affirmed.

Affirmed.