PEOPLE v EUBANK

Docket No. 60495. Submitted September 16, 1982, at Lansing.—Decided November 4, 1982.

Defendant was convicted, on his plea of guilty, of first-degree criminal sexual conduct, kidnapping and armed robbery, Washtenaw Circuit Court, Edward D. Deake, J. Prior to defendant's tendering his plea, the court, after an extensive hearing, ruled that a confession made by the defendant was voluntary and admissible. Defendant appealed by leave granted, alleging error in a pretrial identification procedure, insufficiency of evidence of asportation at the preliminary examination, and insufficiency of evidence of kidnapping at the plea taking to support his conviction. *Held:*

1. A plea of guilty waives any defect in a pretrial identification procedure.

2. The element of asportation in the crime of kidnapping is not satisfied where the movement of a victim is merely incidental to the commission of another underlying lesser offense, but movement that adds either a greater danger or threat to the victim beyond that inherent in the crime intended constitutes legal asportation. The evidence at the preliminary examination indicated asportation amounting to a greater danger to the victim.

3. Establishment of the factual basis of the offense pled to need not rest on direct questioning in the plea taking alone. The court properly supplemented the record evidence with defendant's confession.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER.

A plea of guilty waives any defect in a pretrial identification procedure.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 427, 473 *et seq.,* 490.
[2] 1 Am Jur 2d, Abduction and Kidnapping §§ 11, 12, 18.
[3] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

2. Kidnapping — Asportation.

> The element of asportation in the crime of kidnapping is not satisfied where the movement of a victim is merely incidental to the commission of another underlying lesser offense, but movement that adds either a greater danger or threat to the victim beyond that inherent in the crime intended constitutes legal asportation.

3. Criminal Law — Guilty Pleas — Evidence.

> Establishment of the factual basis of the offense pled to need not rest on direct questioning in the plea taking alone.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King;* Assistant Prosecuting Attorney, for the people.

*David A. Werber,* for defendant.

Before: R. B. Burns, P.J., and Allen and M. J. Kelly, JJ.

Per Curiam. Defendant was charged with first-degree criminal sexual conduct, MCL 750.349; MSA 28.581, and kidnapping, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e), offenses committed against a 13-year-old complainant at approximately 8:30 p.m., October 17, 1980. Defendant was also charged with armed robbery MCL 750.529; MSA 28.797, of a different and unrelated complainant occurring earlier in the evening and at a separate location. At the time of the offenses, defendant was on escaped-prisoner status from Indiana. Defendant was bound over to circuit court and a supplemental information was filed charging defendant as an habitual offender.

November 18, 1980, defendant was arraigned in circuit court and trial was scheduled for February 17, 1981, on each of the three charges. On January

8, 1981, a *Walker*[1] hearing to determine the voluntariness of defendant's confession was commenced. The hearing continued January 9 and was adjourned until January 28. January 15, 1981, arguments were heard on a defense motion to suppress the identification made by the victim of the armed robbery or, in the alternative, conduct a *Wade*[2] hearing. The motion was denied and the court informed counsel that it would entertain further *Wade* motions at trial. January 28, 1981, the *Walker* hearing resumed and the court found that the confession was voluntarily made. Recess was taken. Following recess, the defendant pled guilty to all three crimes charged in return for which the prosecution agreed to dismiss the supplemental information. On March 19, 1981, defendant was sentenced to three concurrent terms of 15 to 25 years in prison. He appeals on leave granted, raising three issues, one of which is of first impression.

The first issue pertains to the identification of defendant by the victim of the armed robbery. Identification was made when the victim was taken by the police to view defendant when defendant appeared in court on the CSC-1 and kidnapping charges. The show-up on that occasion was conducted without the knowledge or permission of defendant or his counsel. Counsel contends that, under the circumstances then existing, defendant was entitled to have counsel present at the identification or, at the very least, was entitled to a *Wade* hearing. *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). The prosecutor contends that, if error occurred, it was

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

waived by the plea of guilty. We agree with the prosecutor.

Generally, guilty pleas waive all nonjurisdictional defects in the proceedings. *People v Alvin Johnson,* 396 Mich 424, 440; 240 NW2d 729 (1976). That case, however, has caused confusion because, later in the opinion, the Court in *dicta* stated that a plea of guilty never waives rights which would prevent the trial from taking place and, as an example, cited the failure to suppress illegally obtained evidence without which the people could not proceed. Various panels of this Court have refused to follow the *Alvin Johnson dicta* and have held that a guilty plea waives a search and seizure claim. *People v Hill,* 86 Mich App 706, 708-709; 273 NW2d 532 (1978); *People v Jones,* 111 Mich App 465; 314 NW2d 654 (1981); *People v Ferrigan,* 103 Mich App 214, 218; 302 NW2d 855 (1981); *People v Kline,* 113 Mich App 733; 318 NW2d 510 (1982). None of the cases involve identification evidence. Thus, the question before us is of first impression.

However, we too refuse to follow the *Alvin Johnson dicta* in this case and conclude that the plea of guilty waived any errors in identification. Furthermore, even if the *dicta* is followed, the error is not such that exclusion of the victim's testimony would prevent trial from taking place. As pointed out by the prosecution, the victim of the armed robbery could still have testified to the circumstances of the armed robbery and her escape from the van. In his confession to the CSC-1 and kidnapping charge, defendant admitted being with the armed robbery victim earlier that night and admitted she jumped from the van. He denied that an armed robbery was committed. Clearly, trial would have taken place even if the identifica-

tion testimony had been excluded, and the jury left to decide who was telling the truth.

Defendant's second claim of error is the insufficiency of evidence at the preliminary examination to support the element of asportation. Relying on *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), defendant contends that the asportation of the 13-year-old victim was only incidental to the rape. Again we disagree. In his confession to the police on the charge of CSC-1, defendant stated that following the rape, he became scared and decided he would not take the child home but would keep her with him. Since his van was stuck, he stated he took the victim through some fields, over an electric fence to a farm where he stole a truck and drove her home on the main highway, forcing her to stoop down and hide every time a car came by. During this additional confinement and asportation following the offense, the risk of harm to the victim was enhanced. It added a greater danger or threat "beyond that inherent in the crime of rape". Under such circumstances, even a short confinement and asportation is nonincidental to the crime of rape. *People v Worden,* 71 Mich App 507, 516; 248 NW2d 597 (1976); *People v Hardesty,* 67 Mich App 376, 379; 241 NW2d 214 (1976). Accordingly, we hold that there was sufficient evidence to support defendant's guilt on the kidnapping charge.

Defendant's third claim of error is to the effect that, even if there were enough evidence to convict defendant *at trial* of the offense of kidnapping, insufficient evidence was presented of such offense *at the plea taking.* Stated another way, defendant contends that there was an insufficient factual basis elicited at the plea taking to establish the offense of kidnapping. At the plea taking there

was no evidence that the asportation was for any purpose other than rape.

It is true that defendant's response to the trial court's questioning at the plea taking did not *in itself* establish asportation for any purpose beyond the offense of rape. However, establishment of the factual basis of the offense pled to need not rest on direct questioning in the plea taking alone. As was stated by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 134, fn 3; 235 NW2d 132 (1975):

"Direct questioning is not an absolute. As set forth in Part VII of this opinion, where the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner. Similarly, the rule permits a departure from the direct questioning method of establishing a factual basis where there are especial circumstances justifying acceptance of a nolo plea."

The trial judge did not come by his decision to consider the confession lightly. He had held a three-day *Walker* hearing, and has listened closely to the tape of the confession before ruling that the confession was voluntary. As noted in issue two, all of the elements of asportation were clearly established in that confession.

Affirmed.