PEOPLE v SCHAFFER

Docket No. 66349. Submitted June 29, 1983, at Grand Rapids.—Decided September 28, 1983. Leave to appeal denied, 419 Mich —.

David E. Schaffer was convicted, on his plea of guilty, of aiding and abetting the breaking and entering of an occupied dwelling with intent to commit larceny therein, Mecosta Circuit Court, Lawrence C. Root, J. Defendant appealed, alleging that there was insufficient evidence at the preliminary examination to bind him over to circuit court, that the court erred by denying his motion to suppress certain evidence, and that his guilty plea was not voluntary. *Held:*

1. The guilty plea does not waive the issue of the sufficiency of the evidence at the preliminary examination. The magistrate's decision in holding that there was probable cause to believe the defendant committed the offense is reviewed for an abuse of discretion. Here, the magistrate did not abuse his discretion. There was sufficient evidence to support the finding of probable cause.

2. The guilty plea waived the issue of the suppression of the evidence because the evidence complained of was not evidence without which the people could not proceed with the case.

3. The defendant's claim regarding the voluntariness of his guilty plea is without merit.

Affirmed.

D. F. WALSH, P.J., concurred in the result. He would hold, however, that a guilty plea does waive an appellate challenge to the sufficiency of the evidence presented at the preliminary examination.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 4 Am Jur 2d, Appeal and Error § 271.

21 Am Jur 2d, Criminal Law § 490.

Validity and effect of criminal defendant's express waiver of right to appeal as part of negotiated plea agreement. 89 ALR3d 864.

[2] 21 Am Jur 2d, Criminal Law §§ 413, 419.

[3] 21 Am Jur 2d, Criminal law § 171.

1. Criminal Law — Evidence — Guilty Pleas — Waiver of Issue.

   A guilty plea does not waive a defendant's appellate challenge to the sufficiency of the evidence presented at the preliminary examination.

2. Criminal Law — Magistrates — Abuse of Discretion.

   A magistrate's decision to bind a defendant over for trial is reviewed by the Court of Appeals for a determination of whether the magistrate abused his discretion.

3. Criminal Law — Aiders and Abettors — Specific Intent Crimes.

   A defendant, to be convicted as an aider and abettor of a specific intent crime, must have had the requisite intent himself or participated in the offense while knowing that his coparticipant possessed the requisite intent.

4. Criminal Law — Evidence — Guilty Pleas — Waiver of Issue.

   A guilty plea waives a claim that the trial court erred in denying a motion to suppress evidence obtained pursuant to a search warrant where the evidence sought to be suppressed is not evidence without which the people could not proceed with the case.

Concurrence in Result by D. F. Walsh, P.J.

5. Criminal Law — Evidence — Guilty Pleas — Waiver of Issue.

   *A guilty plea waives a defendant's appellate challenge to the sufficiency of the evidence presented at the preliminary examination.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George Van Kula,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Walz, Jordan & Stanton, P.C.* (by *John A. Braden),* for defendant on appeal.

Before: D. F. Walsh, P.J., and R. M. Maher and T. Roumell,* JJ.

Per Curiam. Defendant pled guilty to aiding

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

and abetting a breaking and entering of an occupied dwelling with the intent to commit larceny therein. MCL 750.110; MSA 28.305. Sentenced to 10 to 15 years in prison, he appeals as of right.

On December 21, 1981, a masked man broke into the house of John and Bernice Radabaugh, an elderly couple, assaulted them, and stole their money. Defendant's brother, Charles, was later charged with breaking and entering an occupied building with the intent to commit larceny and with two counts of assault with the intent to rob and steal being unarmed, MCL 750.88; MSA 28.283. Defendant was charged with the same offenses as an aider and abettor. After a preliminary examination, the defendant was bound over on those charges. The defendant later moved unsuccessfully to quash the information on the ground that there was insufficient evidence to support the bindover.

On appeal, the defendant raises three issues.

In defendant's first claim, he renews his challenge to the bindover. Initially, we must decide whether a plea of guilty waives a challenge to the sufficiency of the evidence at the preliminary examination. In *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), the Court said that a defense "relating to insufficient evidence to bind over at preliminary examination" is one example of a defense that is not waived by a guilty plea. That defense is but one of several defenses which the *Alvin Johnson* Court identified as preserved for appellate review after a guilty plea. The language in which those examples are set forth has been characterized as dicta, because *Alvin Johnson* held only that a guilty plea does not waive a double jeopardy claim. See *People v Ferrigan,* 103 Mich App 214; 302 NW2d 855 (1981). *Alvin John-*

*son* is, nevertheless, good authority for holding that a guilty plea does not waive an appellate challenge to the sufficiency of the evidence at the preliminary examination. That holding follows from the principle firmly established by *Alvin Johnson:*

"Wherever it is found that the result of the right asserted would be to prevent the trial from taking place, we * * * hold a guilty plea does not waive that right." 396 Mich 444.

If there exists insufficient evidence to bind over, then the defendant is to be discharged. MCL 766.13; MSA 28.931. When a defendant asserts that right by demonstrating to a reviewing court that, due to insufficient evidence, he was improperly bound over, the defendant is entitled to be discharged and the trial will not take place. Thus, we hold that a challenge to the sufficiency of the evidence at the preliminary examination survives a guilty plea.

This Court reviews the examining magistrate's decision to bind over for abuse of discretion. *People v Talley,* 410 Mich 378, 385-386; 301 NW2d 809 (1981). The magistrate must bind over if it appears that a crime has been committed and that there is probable cause to believe that the defendant committed it. MCL 766.13; MSA 28.931. The defendant contends that the magistrate abused his discretion in concluding that there was probable cause to believe that he committed the charged offenses. The offenses which defendant was charged with aiding and abetting are specific intent crimes. Thus, to be convicted as an aider and abettor, the defendant must have had the requisite intent himself or participated while knowing that his coparticipant possessed the requisite intent. *People v*

*Triplett,* 105 Mich App 182, 188; 306 NW2d 442 (1981). Defendant argues that the magistrate abused his discretion in finding that there was probable cause to believe that he possessed either mental state regarding any of the underlying crimes. The record discloses only two pieces of evidence indicating that the defendant had the requisite mental state. On the evening of the crimes, defendant and his brother were at the house of a witness. The witness testified that she heard defendant tell Charles that he needed some money. Charles responded that he knew where they could get $5,000 and that "whatever they had to do, they would do; that would be tie them up, or whatever". Another witness testified that, two days after the crimes, she asked defendant whether or not he and his brother were involved in the break-in. The defendant replied that "he didn't know it was elderly people until the next day on the radio, or he never would have left". On the basis of this evidence, we cannot conclude that the magistrate abused his discretion in finding that there existed probable cause to believe that defendant intended or was aware of his brother's intent to break into the Radabaughs' home and assault them.

Defendant also challenges the trial court's denial of his motion to suppress evidence obtained pursuant to a search warrant. We find that the defendant, by his guilty plea, has waived that claim inasmuch as the items seized are not "evidence without which the people could not proceed". *People v Alvin Johnson, supra,* p 444. As the record of the preliminary examination indicates, the primary evidence against defendant was testimonial.

Finally, defendant requests a remand for an

evidentiary hearing to determine whether or not be pled guilty voluntarily. The defendant claims that he was coerced into pleading guilty because his brother had agreed with the prosecutor to testify against defendant. That testimony, the defendant says, would have been perjury. We do not believe, however, that these allegations, if true, would justify a finding that the defendant pled guilty involuntarily. Thus, we decline to order the requested remand.

Affirmed.


D. F. Walsh, P.J. *(concurring).* I concur in the result. I write separately to express my disagreement with the majority's conclusion that a plea of guilty "does not waive an appellate challenge to the sufficiency of the evidence at the preliminary examination". I would hold to the contrary. *People v Hill,* 86 Mich App 706; 273 NW2d 532 (1978); *People v Jones,* 111 Mich App 465; 314 NW2d 654 (1981).