PEOPLE v MILLER

Docket No. 69044. Submitted August 4, 1983, at Grand Rapids.—
Decided October 25, 1983. Leave to appeal applied for.

Gordon J. Miller was convicted, on his plea of guilty, of breaking
and entering an occupied dwelling with intent to commit
larceny and of resisting and obstructing a police officer, Cal-
houn Circuit Court, Paul Nicolich, J. Defendant appealed,
alleging that the evidence presented at the preliminary exami-
nation was insufficient to support binding him over for trial.
*Held:*

Defendant failed to preserve this issue for appellate review.
A motion at the trial court level to quash the information is
necessary to preserve this issue for review without regard to
whether the defendant pled guilty or was convicted at a trial.
Furthermore, any deficiency in the evidence at the preliminary
examination presents no manifest injustice, requiring appellate
review even though not properly preserved, because an ample
factual basis to support the plea to breaking and entering was
elicited at the plea-taking proceeding.

Affirmed.

1. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE — PRESERV-
ING QUESTION.

A motion to quash the information must be made in the trial
court in order for a defendant to preserve for appellate review
the issue of whether sufficient evidence was presented at the
preliminary examination to support binding him over for trial;
this is true without regard to whether the defendant pled
guilty or was convicted after a trial.

2. COURTS — APPEAL — PRESERVING QUESTION.

Appellate courts have the power to prevent fundamental injustice
by considering manifest and serious errors not properly pre-
served for appellate review.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 599, 607 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 558 *et seq.,* 772 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *Michael J. Berezowsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and to resisting and obstructing a police officer, MCL 750.479; MSA 28.747. Defendant was sentenced to imprisonment for two concurrent terms of 5 to 15 years and 16 months to 2 years, and he appeals as of right.

Defendant argues that the evidence presented at his preliminary examination was insufficient to support binding him over for trial on the breaking and entering charge. Defendant points to certain dicta in *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), and argues that his plea did not waive his right to raise this issue. Several panels of this Court have declined to follow the dicta from *Alvin Johnson* at issue. See, for example, *People v Hill,* 86 Mich App 706, 709-712; 273 NW2d 532 (1978), *People v Pittinger,* 105 Mich App 736, 740; 307 NW2d 715 (1981), and *People v Jones,* 111 Mich App 465; 314 NW2d 654 (1981).

Here, however, we need not decide whether the defendant's guilty plea waived any deficiency in the proofs at preliminary examination because defendant failed to preserve this issue for appel-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

late review by a motion to quash the information. See *People v McIntyre,* 74 Mich App 661; 254 NW2d 603 (1977), and *People v Hill, supra,* pp 712-713. A motion to quash the information is necessary to preserve this issue for appellate review without regard to whether defendant pled guilty or was convicted after a trial. See *People v Willis,* 1 Mich App 428, 430-431; 136 NW2d 723 (1965), *People v Sparks,* 53 Mich App 452, 454; 220 NW2d 153 (1974), *People v McKinney,* 65 Mich App 131, 134; 237 NW2d 215 (1975), and *People v Buschard,* 109 Mich App 306, 319; 311 NW2d 759 (1981).

Appellate courts have the power to prevent fundamental injustice by considering manifest and serious errors not properly preserved for appellate review. *People v Dorrikas,* 354 Mich 303, 316; 92 NW2d 305 (1958). However, we have been unable to find a single decision in which that power was exercised to consider a claim that the evidence at the preliminary examination was insufficient. Because a factual basis ample to support the plea to breaking and entering was elicited from defendant at the plea-taking proceeding, any deficiency in the evidence presented at the preliminary examination presents no manifest injustice.

Affirmed.