PEOPLE v EAGEN

Docket No. 68656. Submitted March 13, 1984, at Lansing.—Decided August 7, 1984.

Mark A. Eagen was convicted of second-degree murder following a bench trial in Jackson Circuit Court and was sentenced, Russell E. Noble, J. Defendant appeals. *Held:*

1. The trial court's findings of fact were adequate to resolve defendant's claims of intoxication and provocation.

2. The trial court did not err in applying the "capacity standard" when he found that defendant, despite his intoxication, did form the requisite intent for second-degree murder.

3. Defendant's failure to move to quash charges of first-degree murder precludes review of his claim that his bindover on first-degree murder charges was improper.

4. Defense counsel's failure to move to quash the first-degree murder charges was not a serious mistake which denied defendant's right to effective assistance of counsel.

5. The trial court did not err in refusing to rule on defendant's motion for a directed verdict on the charge of first-degree murder made at the close of the prosecution's proofs.

Affirmed.

1. CRIMINAL LAW — PROVOCATION — ADULTERY — MARITAL RELATIONSHIP.

The rule in some jurisdictions recognizing provocation as a mitigating circumstance where a person discovers a spouse committing adultery does not extend beyond the marital relationship so as to include engaged persons, divorced couples and unmarried lovers.

2. CRIMINAL LAW — APPEAL — SUFFICIENCY OF EVIDENCE — PRESERVING QUESTION.

Failure to move to quash a criminal information in the trial

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Homicide §§ 65 *et seq.*, 123.

[2] 5 Am Jur 2d, Appeal and Error §§ 599, 607.

   21 Am Jur 2d, Criminal Law § 415.

[3] 24 Am Jur 2d, Dismissal §§ 62, 64.

court precludes appellate review of the issue of whether there was sufficient evidence produced at the preliminary examination to bind the defendant over on the charges.

3. JUDGMENTS — INVOLUNTARY DISMISSAL — COURT RULES.

A motion for judgment at the close of the plaintiff's proofs in a nonjury trial is not a motion for a directed verdict but one for involuntary dismissal; a decision to rule on a motion for involuntary dismissal at the close of the plaintiff's proofs rests in the sound discretion of the trial judge (GCR 1963, 504.2).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Joseph A. Greenleaf,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Susan M. Meinberg),* for defendant on appeal.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. Following a nonjury trial, defendant was convicted of second-degree murder, MCL 750.317: MSA 28.549. He was sentenced to a prison term of from 10 to 25 years. He appeals as of right.

On appeal, defendant first claims that the trial judge's findings of fact were inadequate. Specifically, defendant claims that the judge failed to articulate the facts necessary to resolve defendant's claims of intoxication and provocation.

Defendant claims that he was too intoxicated to have formed the specific intent to commit murder at the time he killed his victim. We find, contrary to defendant's claim, that the trial judge made extensive findings of fact designed specifically to resolve defendant's claim that his intoxication

* Circuit judge, sitting on the Court of Appeals by assignment.

rendered him unable to form specific intent. The court stated:

"Now, as to the defense of incapacity to form a specific intent on account of intoxication, the defendant was able to walk and find his way from the bowling alley at night to Suzanne's home. He had the ability to think ahead and to take with him the instrument he intended to use to break in the house. He was able to get into the house without difficulty. He looked after his own comforts and needs in the house after he got in a rational manner.

"He was able to apply the camouflage paint to his face with some skill and symmetry.

"He was able to obtain a focused and centered photograph of himself. He was, apparently, well coordinated and strong in the use of the tire iron as a weapon and, apparently, he was able to uncase and open his classic knife very efficiently and quickly.

"So based upon these factors and the other evidence in the case, the court finds that the defendant had the capability to form a specific intent, and that his intent was that his victim should die, or there was a wilful and wanton act, the natural tendency of which was to cause death or great bodily harm, and that there was a strong and plain likelihood that death or serious bodily harm would result, and that the defendant wilfully and wantonly disregarded the knowledge of the possible consequences of death or serious bodily injury, and the finding of the court, this is not a manslaughter case."

These findings were clearly adequate.

Defendant also claims that the findings concerning provocation were inadequate. We find this claim to be without merit. Defendant clearly did not present any evidence that adequate provocation existed.

Defendant's claim of provocation is based on evidence that his former girlfriend made a remark

about sex to the victim as they were entering her house (which defendant had broken into). After the remark was made, defendant allegedly went into a rage and beat both the former girlfriend and the murder victim. The beating of the victim lasted for over half an hour.

Most jurisdictions recognize provocation as a mitigating circumstance where a person discovers a spouse committing adultery. LaFave & Scott, Criminal Law, § 76, p 575. LaFave and Scott point out that:

> "The rule of mitigation does not, however, extend beyond the marital relationship so as to include engaged persons, divorced couples and unmarried lovers— as where a man is enraged at the discovery of his mistress in the sexual embrace of another man. This limitation seems questionable, however, at least in cases where there existed a longstanding relationship comparable to that of husband and wife." (Footnotes omitted.) LaFave & Scott, Criminal Law, § 76, p 576.

The events which defendant claimed provoked him were not adequate to provoke a reasonable person into a heat of passion. Even if the limitation to the marital relationship is ignored, no longstanding relationship comparable to that of husband and wife existed in this case. Moreover, the relationship had been terminated. *Cf. People v Pecora,* 107 Ill App 2d 283; 246 NE2d 865 (1969) (defendant was not reasonably provoked when ex-wife told him she had been intimate with other men, even though he had not "psychologically disengaged himself from the marital relationship since the divorce").

No evidence of reasonable provocation was presented by defendant in this case. Defense counsel did not specifically argue that reasonable provoca-

tion existed. It was not necessary for the trial court to make findings of fact on this issue.

Defendant next argues that the trial judge erred by basing his findings of fact concerning the intoxication defense on the "capacity standard" found improper in *People v Crittle,* 390 Mich 367; 212 NW2d 196 (1973). Subsequent to the submission of briefs in this case, the Supreme Court overruled the holding in *Crittle* upon which defendant relies. *People v Savoie,* 419 Mich 118, 134; 349 NW2d 139 (1984). A review of the judge's findings of fact indicates that he found that defendant, despite his intoxication, did form the requisite intent for second-degree murder. This finding satisfies even the *Crittle* test.

Defendant next challenges his bindover on first-degree murder charges. His failure to move to quash precludes review of this claim on appeal. *People v Miller,* 130 Mich App 116; 342 NW2d 926 (1983).

Defendant claims that his trial counsel's failure to move to quash the first-degree murder charges was a serious mistake which denied his right to effective assistance of counsel. We disagree. Counsel peformed adequately in general and this was not a serious mistake depriving defendant of a fair trial. See *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Defendant also claims that the trial judge erred by refusing to rule on his motion for a directed verdict on the charge of first-degree murder made at the close of the prosecution's proofs. The judge, sitting as trier of fact, took the motion under advisement. When a court sits as trier of fact, a motion for judgment at the close of the plaintiff's proofs is not a motion for a directed verdict, but one for involuntary dismissal under GCR 1963, 504.2. This subrule states in part:

"After the plaintiff has completed the presentation of his evidence to the court in any action tried without a jury, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Thereupon, the court as trier of the facts may determine them and render judgment against the plaintiff, *or may decline to render any judgment until the close of all the evidence.*" (Emphasis added.)

A decision to rule on a motion for involuntary dismissal at the close of the plaintiff's proofs rests in the sound discretion of the trial judge. We find no abuse of discretion in this case. Contrary to his claim, defendant was not handicapped in the presentation of his defense by the judge's failure to rule.

Affirmed.