758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BERTRAM EUBANK, PLAINTIFF-APPELLANT,
v.
JESSE FOLEY, DETECTIVE, YPSILANTI CITY POLICY DEPARTMENT,
DEFENDANT-APPELLEE.
 NO. 83-1700
 United States Court of Appeals, Sixth Circuit.
 2/18/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; KEITH, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 Eubank appeals from the district court judgment dismissing his pro se civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and the briefs of the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In 1980 Eubank was charged with first degree criminal sexual conduct and kidnapping a 13 year old. He was also charged with armed robbery of a woman on the same evening. In a supplemental information, Eubank was charged with being a habitual offender. During the preliminary examination on the first degree conduct and kidnapping charges, the victim of the armed robbery was brought to the courthouse, and she identified Eubank. The show-up was conducted without the knowledge of Eubank or his attorney. At some point Eubank confessed to the crimes. He was arraigned and his trial scheduled. On January 8, 1981 a hearing to determine the voluntariness of Eubank's confession was started, but was continued until January 28, 1981. Eubank moved to suppress the identification made by the robbery victim during the show-up, or in the alternative for a hearing pursuant to United States v. Wade, 388 U.S. 217 (1967). The motion to suppress was denied, but the Court informed defense counsel that further Wade motions would be entertained at trial. At the January 28 hearing on the voluntariness of the confession, the court determined that the confession was voluntary. After a recess, Eubank pled guilty to all charges in exchange for the prosecution's agreement to dismiss the habitual offender charges. Eubank was sentenced to three concurrent terms of 15 to 25 years.
 
 
 3
 Eubank appealed and challenged the pretrial show-up. The Michigan Court of Appeals held that Eubank's guilty plea waived any errors in the pretrial identification procedure. See People v. Eubank, 121 Mich. App. 227, 230, 328 N.W.2d 408, 409-10 (1982). Eubank did not seek review by the Michigan Supreme Court.
 
 
 4
 Eubank subsequently filed this civil rights complaint against defendant, the police detective who brought the robbery victim to the show-up. Eubank alleges that defendant violated his rights to due process by bringing the robbery victim to the show-up, thereby causing him to plead guilty to armed robbery. He seeks monetary relief. Defendant filed a motion to dismiss and for summary judgment. He supported the motion with affidavits. The district court granted defendant's motion to dismiss on the basis that he enjoys qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).
 
 
 5
 Upon consideration this court concludes that the issues presented by this appeal are so insubstantial that they do not require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. The judgment of the district court is affirmed for the reasons set forth in the order of Honorable Charles W. Joiner, United States District Judge, dated August 31, 1983.